United States District Court
Southern District of Texas
**ENTERED**
May 22, 2024
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| NEVON BARNES, | § | |
| | § | |
| Petitioner, | § | |
| v. | § | CIVIL ACTION NO. 2:24-CV-00072 |
| | § | |
| WARDEN FCI THREE RIVERS, | § | |
| | § | |
| Respondent. | § | |
| | § | |

**MEMORANDUM AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Petitioner Nevon Barnes, a Texas prisoner proceeding *pro se*, has filed this action seeking habeas relief under 28 U.S.C. § 2254. (Doc. No. 2.) This case has been referred to the undersigned for pretrial management and recommendations on dispositive matters, pursuant to 28 U.S.C. § 636.

Petitioner filed the instant habeas action in the form of a motion for credit for time served in his underlying criminal case in the Eastern District of Texas, which the district court construed as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. Nos. 1, 2.) The district court opened a new civil action and subsequently transferred the case to the Southern District of Texas because the institution where Petitioner was confined at the time he filed his petition – Three Rivers Federal Correctional Institution ("FCI Three Rivers") in Three Rivers, Texas – is within the jurisdictional boundaries of the Southern District of Texas, Corpus Christi Division. (Doc. Nos. 3, 4, 6.) Soon after the case was transferred to this division, the mailings containing the Memorandum Opinion Regarding Transfer (Doc. No. 3) and the Order of Transfer (Doc. No. 4) were returned as undeliverable, with "return to sender attempted-not known unable to forward" written on the envelope. (Doc. No. 5.)

On March 29, 2024, the Clerk of Court issued a Notice of Deficient Pleading, notifying Petitioner that he must either submit the filing fee of $5.00 or submit an appropriate application to proceed *in forma pauperis* with a certified copy of a trust fund account statement (or institutional equivalent for the six-month period preceding the filing of the complaint).  (Doc. No. 9.)  Petitioner was warned that failure to comply with the Notice of Deficient Pleading within 30 days may result in his case being dismissed for want of prosecution.  *Id*.  The Clerk mailed the Notice of Deficient Pleading, Notice of Exclusion, and Notice to Pro Se Litigant of Case Opening to FCI Three Rivers.  *See* Doc. Nos. 7, 8, 9.  Petitioner did not respond, and copies of the Court's filings sent to him by certified mail were returned as undeliverable on April 15, 2024.  *See* Doc. Nos. 10, 11, 12.

On April 30, 2024, the Court issued a show-cause order, directing Petitioner to either pay the full filing fee or file the requested application to proceed *in forma pauperis* by May 15, 2024, and warned Petitioner that failure to comply would result in dismissal of his case.  (Doc. No. 13.)  Petitioner has not responded to this order either.  The Court has since found that Petitioner was released from federal custody on March 21, 2024.  *See Inmate Locator*, Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited May 22, 2024) (Search by BOP Register Number: 52331-509).

A district court may dismiss a case for failure to prosecute or comply with court orders. Fed. R. Civ. P. 41(b); *see also Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) ("The district court also has the inherent authority to dismiss an action *sua sponte*, without motion by a defendant.").  While a court should be "appropriately lenient" with a party who is proceeding *pro se*, the "right of self-representation does not exempt a party from compliance with relevant rules

of procedural and substantive law." *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991) (quoting *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981)).

Moreover, this Circuit and its lower courts have dismissed *pro se* litigants' claims for failing to keep the Court informed of their current address. *See Martin v. Pearson*, 405 F. App'x 859, 860 (5th Cir. 2010) (affirming the district court's dismissal of a § 2241 habeas action where the petitioner failed to pay the $5 filing fee and failed to comply with the court's orders); *Lewis v. Hardy*, 248 F. App'x 589, 593 n.1 (5th Cir. 2007) (stating that "the failure of a pro se litigant to notify the district court of an address change may be considered by the district court as an additional cause for dismissal for failure to prosecute"); *also, e.g.*, *Allen v. Davis*, No. 7:18-MC-1388, 2021 WL 2188687, at *2 (S.D. Tex. Jan. 4, 2021) (Ormsby, M.J.) (finding that dismissal of petitioner's habeas action was warranted because "no lesser sanction is available" since petitioner did not comply with the court's order, failed to provide an updated address, and took no other action), *adopted*, 2021 WL 2187944 (S.D. Tex. May 28, 2021) (Hinojosa, J.); *Bennet v. Smith Cnty. Jail*, No. 6:21cv010, 2021 WL 930282, at *1 (E.D. Tex. Feb. 5, 2021) ("Plaintiff's failure to submit an updated mailing address evinces his failure to prosecute his own case."), *adopted*, 2021 WL 926207 (E.D. Tex. Mar. 10, 2021); *Martinez-Reyes v. United States*, No. 7:14-CV-341, 2016 WL 8740494, at *4 (S.D. Tex. Oct. 10, 2016) (Ormsby, M.J.) (concluding dismissal was required "given that the last court document was returned as undeliverable and the Court thus" could not communicate with plaintiff), *adopted*, 2017 WL 1409315 (S.D. Tex. Apr. 20, 2017) (Crane, J.).

To date, Petitioner has not only not satisfied the requirements to pursue his case, he has also failed to keep the Court apprised of his current address as required by the local rules. *See*

S.D. Tex. L.R. 83.4 ("Notices will be sent only to the address on file.  A lawyer or pro se litigant is responsible for keeping the clerk advised in writing of the current address.")

Petitioner's failure to update his current mailing address hinders the Court's ability to communicate with him or further develop this case.  "Pro se litigants cannot hold a court's docket hostage by refusing to comply with specific orders designed to allow the court to timely and efficiently manage its docket." *Hernandez v. Richards*, No. 5:22-CV-298-BQ, 2023 WL 5613943, at *2 (N.D. Tex. July 26, 2023), *adopted*, 2023 WL 5620744 (N.D. Tex. Aug. 30, 2023).  At this time, there is no lesser sanction available provided Petitioner's failure to act in compliance with the Court's orders or update his address.  *See Carey v. King*, 856 F.2d 1439, 1441 (5th Cir. 1988) (finding that dismissal without prejudice was the least drastic sanction where any attempt to provide further notice would be "a futile gesture" given pro se litigant's failure to provide a change of address).  The undersigned therefore recommends that Petitioner's habeas petition be **DISMISSED WITHOUT PREJUDICE** pursuant to Federal Rule of Civil Procedure 41(b).

Alternatively, the undersigned recommends that Petitioner's habeas petition be **DISMISSED AS MOOT**.  Although Petitioner's failure to comply with Court orders and failure to keep the Court apprised of his current address provide cause themselves for dismissal, Petitioner's release from federal custody ultimately renders his petition moot.  An action is rendered moot "when the court cannot grant the relief requested by the moving party." *Salgado v. Fed. Bureau of Prisons*, 220 F. App'x 256, 257 (5th Cir. Feb. 22, 2007) (citing *Bailey v. Southerland*, 821 F.2d 277, 278 (5th Cir. 1987)).  "A moot case presents no Article III case or controversy, and a court has no constitutional jurisdiction to resolve the issues it presents." *Goldin v. Bartholow*, 166 F.3d 710, 717 (5th Cir. 1999).

In habeas cases, the Supreme Court has found that jurisdiction is not automatically defeated by a petitioner's subsequent release from custody while a petition is pending because of the presumption that a wrongful conviction carries continuing collateral consequences that survive the expiration of the petitioner's sentence.  *Spenser v. Kemna*, 523 U.S. 1, 12-14 (1998); *Carafas v. LaVallee*, 391 U.S. 234, 237-38 (1968); *see also Sibron v. New York*, 392 U.S. 40, 55 (1968) ("[A] criminal case is moot only if it is shown that there is no possibility that any collateral legal consequences will be imposed on the basis of the challenged conviction."); *In re Stewart*, 571 F.2d 958, 966-67 (5th Cir. 1978) (applying the collateral consequences presumption in finding that discharged criminal contempt convictions were not moot because of the possibility of collateral legal consequences).  However, that presumption does not apply when a petitioner is challenging aspects of his sentence rather than the underlying criminal conviction. *Spencer*, 523 U.S. at 12-14; *Lane v. Williams*, 455 U.S. 624, 632-33 (1982) ("Since respondents elected only to attack their sentences, and since those sentences expired during the course of these proceedings, this case is moot.")  In such cases, the petitioner must affirmatively allege and demonstrate the existence of any collateral consequences to demonstrate an actual controversy still exists.  *Spencer v. Kemna*, 523 U.S. 1, 12-14 (1998).

Petitioner does not challenge his conviction here; he only challenges the application of pre-sentence jail time credit and its effect on the calculation of his term of imprisonment. Because Petitioner has been released from federal custody, no actual controversy remains concerning whether the Bureau of Prisons improperly applied any pre-sentence jail time credit to the duration of his sentence.  Therefore, his release from custody moots his request for pre-sentence jail time credit to apply for immediate release.  *See Bailey v. Southerland*, 821 F.2d 277, 278-79 (5th Cir. 1987) (*per curiam*) (federal prisoner's release from custody rendered moot

habeas petition, which sought release from confinement, expungement of disciplinary reports, and restoration of good time credit, because court could not provide relief after release, and prisoner did not allege future adverse consequences); *e.g.*, *Sims v. Dir., TDCJ-CID*, No. 6:20cv397, 2023 WL 3910358, at *2 (E.D. Tex. May 3, 2023) (finding petitioner's habeas petition concerning jail time credit moot because he did not allege future adverse consequences stemming from his conviction), *adopted*, 2023 WL 3898958 (E.D. Tex. June 7, 2023); *Warren v. Kent*, No. 20-2413, 2021 WL 5054640, at *4 (E.D. La. Sept. 23, 2021) (habeas petition challenging the calculation of petitioner's sentence could "no longer be remedied" after petitioner was credited for "time served" and released from incarceration), *adopted*, 2021 WL 5051939 (E.D. La. Nov. 1, 2021); *Grimes v. Thaler*, No. 3:10-CV-1942-O (BK), 2011 WL 1633134, at *1 (N.D. Tex. Mar. 31, 2011) ("In this case, petitioner did not attack her conviction. Rather, she sought a more speedy release from custody, claiming Respondent had improperly calculated her sentence and failed to give her 100 days of pre-sentence jail credits.  Her release from custody renders moot her request for pre-sentence jail time credits and earlier release."), *adopted*, 2011 WL 1633133 (N.D. Tex. Apr. 29, 2011); *Ewald v. Cockrell*, No. 4:02-CV-194-A, 2002 WL 31051018, at *3 (N.D. Tex. Sept. 11, 2002) (habeas petition challenging aspects of sentence, rather than underlying conviction, was mooted by petitioner's release from custody).

Because Petitioner has already obtained the relief he seeks – release from custody – there is no additional relief for the court to provide.  Further, there is no affirmative evidence of future collateral consequences associated with Petitioner's now-expired sentence, and if there was any, Petitioner has abandoned the opportunity to provide it post-release.  Accordingly, the undersigned recommends that Petitioner's habeas petition be **DISMISSED WITHOUT**

**PREJUDICE** pursuant to Federal Rule of Civil Procedure 41(b).  Alternatively, the undersigned recommends that the district court **DISMISS** Petitioner's habeas petition **AS MOOT**.

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within 14 days after being served with a copy of this Memorandum and Recommendation, any party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), and General Order No. 2002-13, United States District Court for the Southern District of Texas.

A failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions that are accepted by the district court.  *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

SIGNED on May 22, 2024.

MITCHEL NEUROCK
United States Magistrate Judge