United States District Court
Southern District of Texas
**ENTERED**
August 20, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| NEVON BARNES, | § | |
| | § | |
| Petitioner, | § | |
| V. | § | CIVIL ACTION NO. 2:24-CV-00072 |
| | § | |
| WARDEN FCI THREE RIVERS, | § | |
| | § | |
| Respondent. | § | |

### ORDER ADOPTING MEMORANDUM & RECOMMENDATION

Before the Court is Magistrate Judge Mitchel Neurock's Memorandum and Recommendation ("M&R"). (D.E. 14). The M&R recommends that the Court dismiss this habeas petition without prejudice for failure to prosecute, *id.* at 4, or alternatively, dismiss it as moot because Petitioner has been released from federal custody, *see id.* at 4–6.

The parties were provided proper notice of, and the opportunity to object to, the Magistrate Judge's M&R. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b); General Order No. 2002-13. No objection has been filed.[1] When no timely objection has been filed, the district court need only determine whether the Magistrate Judge's M&R is clearly erroneous or contrary to law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam); *Powell v. Litton Loan Servicing, L.P.*, No. 4:14-CV-02700, 2015 WL 3823141, at *1 (S.D. Tex. June 18, 2015) (Harmon, J.) (citation omitted).

Having reviewed the proposed findings and conclusions of the Magistrate Judge, the filings of the parties, the record, and the applicable law, and finding that the M&R is not clearly erroneous

---

[1] The Court mailed a copy of the D.E. 14 M&R to Petitioner. *See* May 22, 2024 Docket Entry. The Court received notice that this mail was returned as undeliverable. *See* (D.E. 15). The Court has since waited an appropriate amount of time and Petitioner has neither notified the Court of an updated address nor objected to the D.E. 14 M&R. As such, the Court considers this M&R ripe.

or contrary to law, the Court **ADOPTS** the M&R in its entirety. (D.E. 14). As the M&R notes, *see id.* at 4, "[a] moot case presents no Article III case or controversy, and a court has no constitutional jurisdiction to resolve the issues it presents." *See Goldin v. Bartholow*, 166 F.3d 710, 717 (5th Cir. 1999) (citing *Hogan v. Miss. Univ. for Women*, 646 F.2d 1116, 1117 n.1 (5th Cir. 1981)).

Accordingly, the Court **ORDERS** that Petitioner's habeas petition be **DISMISSED as moot.** *See* (D.E. 1; D.E. 2). The Clerk of Court is **DIRECTED** to **CLOSE** this case.

SO ORDERED.

DAVID S. MORALES
UNITED STATES DISTRICT JUDGE

Dated: Corpus Christi, Texas
August 20, 2024